**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10255 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00077-RCJ-VPC-1 |
| v. | |
| BANU CHOWDHURY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted June 16, 2017
San Francisco, California

Before:  SCHROEDER, FISHER,[**] and N.R. SMITH, Circuit Judges.

Banu Chowdhury appeals his sentence and restitution order.  Chowdhury,

along with his employee Abul Kashem ("Kashem"), each pleaded guilty to one

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

count of unauthorized use of food stamps under 7 U.S.C. § 2024(b) and 18 U.S.C. § 2.

The primary issue before the district court was determining the amount of restitution and loss pursuant to Chowdhury's and Kashem's crime. Both parties agree that the restitution order must ultimately be remanded to correct for a discrepancy between the oral pronouncement and written judgment and credit $44,000 to the final restitution award. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015).

Chowdhury maintains the district court erred because it used a different method for calculating loss for him than it did for Kashem. There are, however, substantial reasons for treating Chowdhury and Kashem differently, given their disparate levels of culpability and the fact that Kashem received no gain from the fraud. Law-of-the-case has no applicability.

Chowdhury also argues the district court procedurally erred in calculating loss and erred in calculating restitution because the method it used for calculating projected loss was unreasonable. The government, via a United States Department of Agriculture ("USDA") agent, presented the district court with three different methods of calculating loss. The defense expert criticized all, and did not contend

that the one chosen by the district court was less reliable than the other two.  There was no error.

Chowdhury challenges the substantive reasonableness of his sentence, given his role as a provider for his family and the hardship that will entail while he's imprisoned, his reputation in the Reno Bangladeshi community for kindness and charity, and his lack of criminal history.  His below guidelines sentence, however, is substantively reasonable, given the extent of the fraud, the pattern of decreasing fraud after his store was raided, and the resumption of high levels after the danger seemed past.

The district court did not err in awarding restitution.  Chowdhury argues the government was not a "victim," yet Chowdhury received money from USDA to which he was not entitled, thereby abusing and harming the operation of the system.  This is a direct and proximate harm.  18 U.S.C. § 3663A(a)(2).  We remand for correction of the discrepancy.  The sentence and order of restitution are otherwise affirmed.

**AFFIRMED** in part, **VACATED** in part and **REMANDED**.